John Hutner, when you are ready to proceed Good morning, my name is John Hutner, I am here on behalf of the appellant David Halpern. This is a case which brought me back to my days in civil procedure class 27 years ago when I first went to law school. I couldn't imagine using 15 minutes arguing this case because I think it's a fairly straightforward case with one issue and that is under civil rule 12 H 3 once a court determines that it does not have jurisdiction over a case subject matter jurisdiction. I didn't trade the district court didn't treat this as a subject matter jurisdiction issue and it's not at all clear that it is I mean you're what you're concerned about is that you'd be foreclosed in a future case right? Correct your honor. Right so if we were to say we affirm on the ground that there was a failure to state a claim here because the patent hadn't issued and there's no right to bring an action until the patent issues to correct inventorship and the end of case then when the patent issues you can bring your suit. Correct. Doesn't that mean that Halpern has excuse me page 8 of its opinion the court stated Halpern has absolutely no right in the pending patent applications filed for the cartridge devices. If we affirm on the ground that this case is premature that decision is not collateral estoppel right? That is I believe that probably correct however the way that the opinion is written could pose some serious problems in the future for my client. We presumably can make clear the limited nature of the ruling on the failure to state a claim as being predicated entirely and solely on the failure to wait until the issuance of the patent and that being the case that presumably would take care of the collateral estoppel concerns that you have. That would certainly go a long way to that effect your honor. This has been a kind of a convoluted and rather disturbing case in terms of the the twists and turns that it has taken but we did have great concern when we read the opinion of the court where it cited DuPont versus Oakley which is another Sixth Circuit case dealing with a similar issue where the court did in fact dismiss a claim of an inventor based on a 12b6 motion for failing failure to state a claim because there had been a state court assignment. The difference between that case in this case is Oakley was a diversity case therefore the court already had jurisdiction based on the diversity of citizenship of the parties. The court in this case never really stated where jurisdiction was to be found. It's a case arising under the patent laws. I mean the fact that you may not have a cause of action because of the problem that the patent had an issue doesn't mean that you didn't bring an action arising under the 1338 right? That would be correct. I was just at this point kind of curious as to what you really were seeking from the district court. We were there in the first place. In terms of the patent jurisdiction it was granted a very it was a novel argument that we were making and that was that my client would be entitled to an injunction pending the issuance of a patent to prevent Paratec from patent pending marketing of these the stent compressing device and the other devices. But it was based on an inventorship claim right? I've read the complaint. Yes it was based on an inventorship claim. We also our first claim for relief. Your problem is you can't bring an inventorship claim until the patent issues. Correct and that's to my knowledge even at this point they are there are no patents yet issued. I think there have been three applications filed and there nothing has been issued at this point. I understand the court's position or the argument that this this could be construed as well it's rising out of the patent laws so therefore there's jurisdiction. That's premature. I mean you filed your complaint. Yes and we we did argue that although our basis for jurisdiction was a little bit different our argument was that we were entitled to injunctive relief. That's just relief. The cause of action though arose under the patent laws. Yes correct. Other than that we did not have we did not take exception to the to the court's dismissal of course of the state law claims based on lack of jurisdiction. The only argument that that we're making here is that the trial court erred. We thought in in handing down this decision where it appeared to take jurisdiction under the patent law and made this decision that Halpern has no rights in the pending patent applications. We also believe that that that that decision was wrong as a matter of fact based upon and if this is in the complaint and the documents attached to the complaint Halpern signed he executed an assignment but he executed it in connection with the execution of a bundle of documents which were to include an option award agreement and attending vesting schedule which was never provided to my client to this day. So that was our other concern that if there was any kind of collateral estoppel or res judicata effect to this we went halfway. If there was an assignment there was an assignment that was supposed to be made in exchange for something and these are these were the defendants words not ours in terms of drafting these agreement that. Well your contention is that he was right to find a failure to state a claim because the patent hadn't yet issued. You don't disagree with that right? So long well I believe that I had the way I had read the court's decision your honor was that he was finding he was finding that he'd failed to state a claim because there had been an assignment made. Well he did say he said two grounds and one of them you think is because the theory that there was no assignment you think that was wrong but the other ground that you can't bring the claim until the patent issues he was right about that right? Yes correct your honor and this is you don't want what you don't want us to do is to affirm this on the wrong ground. Correct correct we and that is essentially what we are asking for is we we made our arguments the the arguments for for the exercise of jurisdiction were not basically accepted but if we're going to be dismissed out in the case we'd want to be dismissed out without any kind of res judicata effect because we're we have another pending case already at this time. Well they'll be res judicata it'll just be res judicata per Judge Dykes characterization it would be res judicata on the issue of whether a claim can be brought prior to the issuance patent. Correct. You don't care about that that care about the part of the case. Correct your honor. Let's hear from Mr. Hagan. Good morning your honors I represent the Applebee's Paratec et al and the issue before this court this morning is whether the district court properly dismissed Mr. Patton claims under federal civil rule 12b6 for failure to state a claim upon which relief can be granted. We submit that the district courts actions were proper and should be affirmed. The reason we're here today is that appellant is apparently unhappy with the fact that it was dismissed under 12b6 rather than under they talk about 12h but I think it's more correct. I know says it's okay to dismiss under 12b6 as long as you do it on the ground that the case is premature and it is premature right I mean we all agree with that. No I did they Halpern. Not premature? I don't think so because the basis for the. How can it not be premature? The patent isn't issued yet. But the basis for the district court's decision was that Halpern had no ownership rights. He had two bases. I don't believe so. I don't I don't believe he just made a decision on the fact that it was premature under 256. Well I certainly thought he said that. I don't believe so your honor. I think what he said was there was one sentence where the district court has said assuming arguendo that plaintiff does have rights in the applications he should proceed through the US Patent and Trademark Office. Alternative plan for the decision. I respectfully disagree. I believe that he was saying that Mr. Halpern you lose here because you have no rights in these applications. It was just a statement in dicta that maybe you best go someplace else if you want to redress your rights. If you read the complaint very closely there was never a request that the district court correct inventorship. That was never anywhere in that complaint. The only request for relief was to issue this injunction against this patent pending marketing or testing of these products. The district court's determination was on two bases both which relate to ownership. First the district court held that Mr. Halpern had assigned away all of his rights in the pending applications. Second the district court held that because Mr. Halpern was hired to invent that the his ownership rights he had no ownership rights because of operational law. You're saying it can't be premature if he was seeking an injunction before the patent issue. Is that your point? He was seeking an injunction before the patent issued on marketing. To prevent to prevent the the paratech from from marketing and testing these devices. Well if that claim is raised to the county he can't bring that claim again. But it's if you're right that he wasn't bringing an inventorship claim then there's no bar to an inventorship claim. He can't bring the injunctive claim next time but he could if you say that he didn't bring an inventorship claim why can't he bring the inventorship claim the next time? The inventorship claim would be moot if he has no rights in the patent when it issues. The Chu case which talks about can an inventor... Is that an issue to be reached when it happens though? Mr. Halpern pled that he had a concrete financial interest in these inventions. The facts show that he did not. Ah, the facts. And that brings me around to the question that strikes me that what the judge has done here with respect to the assignment is more in the nature of summary judgment than 12b6 isn't it? No it's not. Because as you say he pled that he had an interest in this patent therefore taking the pleadings the statements in the pleadings as true the judge was perfectly in his rights in saying that there's no cause of action here because the patent has an issue but how does he as a matter of 12b6 failure to state a claim address and resolve the factual question of whether Mr. Halpern actually has assigned his rights? Well because in the in the complaint Mr. Halpern referenced his employment agreements by case law that that we cite in the brief that then became those agreements then became part of the pleadings those agreements very clearly showed that he had signed them and assigned away his rights. That sounds very factual to me like a factual determination made by the judge based on a document a set of documents that the judge examined and drew some conclusions as to which would be fine as a matter of summary judgment I just question whether it would be a valid basis for a 12b6. It and we've cited several cases in our brief to that effect that if you implicate documents in your complaint that those documents then become part of the complaint and the district court is then within his purview to review those documents that you've incorporated in complaint and base his decision on what is found in those documents. Are there any inventorship proceedings underway anywhere? Not that we're aware of, Your Honor. I take it that the court believes that there was subject matter jurisdiction for the district court to act. We certainly believe that was true and any question about subject matter What's your best case on subject matter jurisdiction? My best case on subject matter jurisdiction? It says that this is a case in which the district court has subject matter jurisdiction as opposed to a case in which the dismissal was for jurisdiction. The district court does allude to jurisdiction in that sentence of excitation following that sentence that you read. Right, well I mean Christensen versus Colt says in order to get subject matter jurisdiction on the complaint rule that the complaint has to raise an issue that requires a resolution of an issue of patent law. Here the appellant clearly said we raised the patent issue. The district court thought that he had jurisdiction under 1338A. The Sixth Circuit Court of Appeals when they transferred the appeal to the Federal Circuit said there was subject matter jurisdiction under 1338A. Why isn't there? There's a situation in which the allegation of the complaint is now frivolous because we've decided that there is no right to bring an inventorship claim before the patent issues. So there's no subject matter jurisdiction over a frivolous claim, right? Your assumption is that I read the complaint as raising an inventorship claim. You suggested that it didn't, that it was just an injunction claim and in which event if it's only an injunction claim then it's no bar, the dismissal is no bar to a future inventorship claim. But even assuming it's an inventorship claim, as an inventorship claim it's frivolous because there's no claim until the patent issues. So there's no subject matter jurisdiction over a claim like that. Well I don't view the complaint as doing that. My view of the complaint was that he raised issue, he said he was sole inventor of at least one of the inventions and co-inventor of another. So he raised that. But within the complaint he also admitted that he assigned away all of his rights. That was the basis. No, he says he didn't assign. He allegedly didn't assign. He said he didn't assign it. He refused to execute the assignment because he thought that they weren't entitled to. But what he did do was in signing his employment agreement and inventions agreement and confidentiality agreement at the time he took employment, was he did in fact assign away his rights to those I take it with the premise of Judge Dyke's question a moment ago that there is an exception to the general rule, the distinction between jurisdictional dismissals and dismissals for failure to state a claim, that when the claim is wholly frivolous, the assertion of a federal claim is wholly frivolous, that that converts what otherwise would be a 12b6 dismissal into a 12b1. You accept that exception to the general distinction rule of distinguishing 12b6 and 12b1? I understand. So you think that the complaint here was not a frivolous assertion of a federal right? No, I don't. You don't? I do not. You do not think it was frivolous? No. He claimed he was an inventor. It turned out that he assigned away all his rights so he had no, he could not state a claim for Thank you. Mr. Hagan, Mr. Huttner, time remaining? I see seven minutes. I doubt I will take that long. Your Honor, I would point out, and I know that there's always room for disagreement in reading an opinion, but it appeared to me that the basis for the 12b6 dismissal of the patent claim by the district court was based upon its finding that there had been an assignment under state law. I had problems with this case because I was looking for the basis for the exercise of jurisdiction over the patent claim because the court had already dismissed the other claims and there was no doubt about that. The opinion says there was no jurisdiction for any Declaratory Judgment Act claim, no basis for jurisdiction, no other federal question basis for jurisdiction other than patent law, but the opinion doesn't really say anywhere what the basis for the exercise of jurisdiction is. Let's assume that we were all to agree that there is jurisdiction here. Do you think, if that were true, that the district court would have been entitled, as a matter of 12b6, to resolve the question of inventorship? I know you disagree with the way he resolved it, but is that something that can be done as a matter of 12b6? Certainly, as long as there is subject matter jurisdiction over the case. I just couldn't find where the court was saying that subject matter jurisdiction came from since it had dismissed the first claim under the Declaratory Judgment Act and then cited the DuPont versus Oakley decision where it says that the district court lacked jurisdiction to review the inventorship of an unissued patent. Which, by the way, we were not trying to disguise or hide that fact in our complaint. We made it known in the complaint that this was, we were asking for an injunction based on patent pending marketing. Those arguments have been made in other patent cases before, although typically the case involves an issued patent and then some kind of a later application and then there's patent pending marketing in between. I thought your argument here was that he couldn't act on this as a motion that's dismissed for failure of a stated claim because there was an issue as to whether this assignment agreement became effective because it was contingent on the execution of the option agreement, which wasn't executed. Correct, and that is certainly one of the arguments. That's why I was confused by your answer to my question earlier, where maybe you didn't understand my question or perhaps I didn't express it clearly. My question is, is the question of assignment one that the district court could properly address under 12b-6 or does it involve factual questions that would require, at minimum, a summary judgment proceeding? Yes, yes, and absolutely, and I misunderstood what you were driving at. Yes, absolutely. This would be something that should have been decided on summary judgment and, as I stated before, the trial court made half a decision here. It decided, yes, there was this assignment, so you have no, and really, it's an ownership question. It's not an inventorship question that the court decided. You have no ownership because you've assigned this, and the complaint doesn't say that, and I think that, and we made those arguments at the district court level, but obviously, the district court disagreed, and to that extent, we think the district court was incorrect. Even if there was a valid assignment, the one case that we did cite, Chu versus University of Chicago, which I believe is good law in the Fifth Circuit. I think it's the Fifth Circuit. Correct me if I'm wrong, but in that case, there was clearly a work-for-hire. There was clearly an assignment, but what the researcher said is, look, I have a I'm the one who invented this, and then my name somehow was omitted from the patent application, and the court agreed that even though she had assigned her ownership, she still had a concrete financial interest in the applications or in the issued patent in that case, I believe. So that, I think, would be all that I would say at this time. As I said, I viewed this case as a 12H3 case where the court had not found any jurisdiction to exist, and so then going on to rule upon claims that are based on state law, which would seem to be overreaching at that point. I was hearkening back to the ex parte McCardell, which is a US Supreme Court case that goes back 120 years, and it seems like a fairly clear proposition to me, that if you lack the jurisdiction, then you shouldn't be making a ruling substantively. There's no doubt about that, but the question is the premise. Thank you. Thank you.